## STAUCH v. FIRE ASS'N OF PHILADELPHIA.

(Supreme Court, Appellate Division, Second Department.   June 29, 1908.)

1. EVIDENCE—OPINION EVIDENCE—EXPERT TESTIMONY—NECESSITY.

An insurance policy stated that the premises were occupied as a dance-hall, hotel, and other purposes not more hazardous, and provided that the policy should be void if the hazard was increased by any means within insured's control, and the premises were sometimes occupied by moving picture shows operated by throwing pictures on a screen by lights, etc. In an action on the policy defendants called an expert witness, who was asked whether the production of such pictures was not an increased hazard.   *Held*, that the question was not a proper subject for expert testimony, and defendant should have proved the facts by showing how such pictures were produced, etc., and left it to the jury to decide whether they constituted an increased hazard, and hence the question was properly excluded.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 2334.]

2. SAME.

Experts should not be permitted to dogmatically decide questions which depend on facts from which ordinary men are competent to draw conclusions; such questions being for the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 2308–2310.]

Appeal from Municipal Court of New York.

Action by Louis Stauch against the Fire Association of Philadelphia, Pa.   From a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

S. J. Rosenblum (Frank Walling, on the brief), for appellant.
Hugo Wintner, for respondent.

GAYNOR, J.   The action was to recover a loss on a policy of fire insurance.   The policy states that the insured premises were occupied as "a dance-hall, hotel and other purposes not more hazardous."   It contained the clause common to all of our policies in this state that it should be void if the hazard were increased "by any means within the control of the insured."   There was evidence that the insured sometimes allowed moving pictures to be shown in the place, i. e., pictures thrown on a screen by lights, etc.   The defendant called a witness as an expert to answer the bald question whether the production of such pictures was not an increased hazard.   The sustaining of the objection thereto was not error.   It was not a case permitting of such evidence.   It was for the defendant to prove the facts, i. e., how such pictures were produced, what lights were used, and how, and so on; and from such evidence it was for the jury to decide whether there was any increased hazard.   A dance-hall has many lights.   Experts cannot be permitted to dogmatically decide things which depend on facts from which ordinary men are competent to draw conclusions.

The judgment should be affirmed.

Judgment of the Municipal Court affirmed, with costs.   All concur.